WARE et al., Appellees,

v.

MIAMI VALLEY HOSPITAL et al.; Children's Medical Center, Appellant.

[Cite as *Ware v. Miami Valley Hospital* (1992), 78 Ohio App.3d 314.]

Court of Appeals of Ohio,
Montgomery County.

No. 13078.

Decided Feb. 13, 1992.

*Dwight D. Brannon* and *Michael L. Tucker,* for appellees.

*Neil F. Freund* and *Robert N. Snyder;* and *Mark R. Chilson,* for appellant.

———————

WOLFF, Judge.

This appeal represents Children's Medical Center's ("CMC") third attempt to obtain relief from orders from the trial court that it disclose to plaintiffs an incident report which it claims to be absolutely privileged.

CMC appealed from an order to disclose the incident report that was entered April 17, 1989. We dismissed that appeal (CA 11558) for lack of an appealable order. The Supreme Court of Ohio declined to consider our action.

CMC next sought a writ of prohibition to prevent the trial court from enforcing its order that CMC turn over the incident report to plaintiffs. We granted the writ. *State ex rel. Children's Med. Ctr. v. Brown* (April 12, 1990), Montgomery App. No. 11638, unreported, 1990 WL 341682. The Supreme Court reversed on the basis that we lacked jurisdiction to issue the writ. *State ex rel. Children's Med. Ctr. v. Brown* (1991), 59 Ohio St.3d 194, 571 N.E.2d 724. The Supreme Court did not address the merits of the controversy, *i.e.,* whether the incident report is, as asserted by CMC, absolutely privileged.

The action of the Supreme Court had the effect of reinstating the April 17, 1989 order of the trial court that CMC disclose the incident report to plaintiffs. Plaintiffs moved to compel and CMC responded with a motion that the trial court reconsider its order of April 17, 1989, and for a protective order barring disclosure. Attached to CMC's motion were, *inter alia,* a copy of this court's decision and entry of judgment in the prohibition action, and a copy of the transcript of proceedings (including testimony and exhibits) before this court on January 5, 1990. The trial court sustained plaintiffs' motion to compel and overruled CMC's motions for reconsideration and for a protective order, and ordered CMC to turn over the report within ten days or suffer appropriate sanctions.

CMC appealed, and plaintiffs moved to dismiss for want of a final appealable order. Having had second thoughts about the wisdom of our dismissal of CMC's appeal from the April 17, 1989 order (CA 11558), we overruled the motion to dismiss this appeal.

In this appeal, CMC advances two assignments of error:

*First Assignment Of Error*

"The trial court committed prejudicial error in its September 27, 1991 decision and order compelling production of a written communication which is absolutely protected from discovery by the attorney-client privilege and where compelled disclosure on the pain of sanction will create irreparable harm which CMC cannot correct by appeal in the normal course."

*Second Assignment Of Error*

"The trial court committed prejudicial error in its September 27, 1991 decision and order compelling production of a written communication absolutely protected from discovery under the quality assurance privilege and where compelled disclosure on pain of sanction will create irreparable harm which CMC cannot correct by appeal in the normal course."

Prior to the first appeal, the trial court submitted the privilege issue to its arbitrator for report and recommendation. CMC claimed that the incident report was privileged as an attorney-client communication, R.C. 2317.02(A), and as a report made available to a quality assurance committee, R.C. 2305.24 and 2305.251. (The latter privilege is also referred to as the "peer review" privilege.)

Other than the incident report itself, which the arbitrator examined *in camera*, the only evidence before the arbitrator was the October 12, 1988 affidavit of Frederick N. Young, which stated as follows:

"1. I am an attorney licensed to practice law in the State of Ohio.

"2. I serve as counsel to Children's Medical Center and have served as counsel to Children's Medical Center for 23 years.

"3. Incident reports are prepared by Children's Medical Center for two (2) purposes. First, the incident report is prepared for my review, as legal counsel. I review incident reports on a routine basis in order to determine any potential legal liability for the hospital.

"4. In addition, the incident reports are prepared in accordance with Ohio Revised Code Section 2305.25 and 2305.251. Copies of the incident reports are forwarded to the Quality Assurance Committee for Children's Medical Center for their review.

"5. The purpose of the Quality Assurance Committee for Children's Medical Center is to review performance of physicians and employees of Children's Medical Center to assure that Children's Medical Center provides its patients with consistent high quality medical care.

"6. The incident reports are prepared for no other purpose other than what has been set forth here in this affidavit."

The arbitrator recommended disclosure. CMC's objections to the recommendation contained an additional affidavit from Mr. Young, dated March 17, 1989:

"1. In addition to serving as counsel to Children's Medical Center, I have also been a member of Children's Medical Center's Quality Assurance Committee since January, 1982.

"2. I was a member of the Quality Assurance Committee on the date the incident report concerning Jacqueline Ware was prepared.

"3. Incident reports that are prepared by Children's Medical Center are placed under the exclusive custody and control of a member of the Quality Assurance Committee and are not available to anyone other than committee members."

The trial court overruled the objections and ordered disclosure of the incident report, precipitating CMC's first appeal and the prohibition proceedings.

The only additional evidence before the trial court in connection with plaintiffs' motion to compel and CMC's motions for reconsideration and for protective order was the testimony and exhibits presented to this court in the prohibition proceedings, which essentially reiterated, and expanded upon, the information contained in the affidavits of Young that were before the trial court prior to its April 17, 1989 order.

In its decision in connection with the order now on appeal, the trial court incorporated "Judge Brown's Decision of April 17, 1989." The April 17, 1989 decision and order had, in part, overruled CMC's objections to the arbitrator's recommendation that the incident report be disclosed.

The arbitrator rejected CMC's claim of attorney-client privilege by treating it as a claim of "work product" privilege, which it was not, and determining that if it was work product, which the arbitrator thought dubious, plaintiffs had demonstrated "good cause" for its disclosure. The arbitrator rejected the claim of "peer review" privilege by determining that the incident report was "a record otherwise available from original sources," citing R.C. 2305.251. The trial court's decision of April 17, 1989 appears to approve the arbitrator's reasoning. In its decision made in connection with the order now on appeal, the trial court, in addition to incorporating the decision of April 17, 1989, noted with respect to CMC's claim of attorney-client privilege that plaintiffs were not seeking to compel the testimony of Young or the production of anything in his files, citing R.C. 2317.02(A). The trial court also observed that R.C.

2305.24 and 2305.251 "do not make hospital records confidential in the hands of the hospital as such."

In issuing the writ of prohibition in CA 11638, we concluded on the basis of our findings of fact that the incident report was absolutely privileged both as an attorney-client communication, R.C. 2317.02(A), and as a report made available to a "utilization" committee, R.C. 2305.24. *State ex rel. Children's Med. Ctr. v. Brown, supra,* at 4. Although the evidence in the prohibition proceeding was presented to the trial court in connection with CMC's motion for reconsideration and for protective order, we believe that the incident report and the unrebutted affidavits of Young, standing alone, established CMC's entitlement to the protection of both privileges.

The trial court and its arbitrator did not directly address the claim of attorney-client privilege in connection with the April 17, 1989 order to disclose. Rather, the trial court treated it as a claim of "work product" privilege. In connection with the order now on appeal, the trial court did directly address the claim of attorney-client privilege and rejected it because plaintiffs were not seeking to compel disclosure or testimony from Young.

Although a literal reading of R.C. 2317.02(A) lends support to the trial court's rationale, the Supreme Court of Ohio has interpreted the predecessor of R.C. 2317.02(A), the language of which was identical to that of the present statute, as extending the privilege to the communication itself. In other words, the privilege insulates the communication itself from disclosure, either by the attorney or the client. *In re Klemann* (1936), 132 Ohio St. 187, 5 N.E.2d 492. See, also, *Upjohn Co. v. United States* (1981), 449 U.S. 383, at 395–396, 101 S.Ct. 677, at 685–686, 66 L.Ed.2d 584, at 594–595; *Woodruff v. Concord City Discount Clothing Store* (Feb. 19, 1987), Montgomery App. No. 10072, unreported, 1987 WL 6827. Nor did the incident report and the unrebutted affidavits of Young support the determination that the incident report was "a record otherwise available from original sources."

Plaintiffs contend that because the incident report relates to the care and treatment of Jacqueline Ware, its content should be contained in her medical records and, thus, it cannot qualify for protection under either claimed privilege. We considered this contention in the prohibition proceedings in CA 11638:

"Intervenor Ware argues that because the incident report pertains to her care and treatment, it *ipso facto* cannot be subject either to the attorney-client privilege or the peer review privilege. This argument is based on the contention that the patient has the absolute right to access to her medical records, that if the incident relates to her care and treatment, then it should

be in her medical records, and because it should be in her medical records, it cannot be subject to the attorney-client privilege, and is perforce a record 'otherwise available from original sources,' and hence not subject to the peer review privilege, per R.C. 2305.251.

"The evidence established that all information relating to the care and treatment of the patient goes into the CMC medical record, and that the Joint Commission on Hospital Accreditation requires that all information relating to care and treatment go into the medical record. The fact that the incident report may relate to the care and treatment of the patient does not alter its status as a privileged communication, if it otherwise qualifies as a privileged communication. Thus, the incident report is still an attorney-client communication, and it is simply not 'otherwise available from original sources' even though the same information ought to be in the patient's medical report." *State ex rel. Children's Med. Ctr. v. Brown, supra,* at 3–4.

In our judgment, the trial court erred in its determination that the incident report is not privileged. The assignments of error are sustained. The order of disclosure will be reversed.

*Judgment reversed.*

FAIN and WILSON, JJ., concur.