THOMAS VENDING, INC., Appellee,

v.

SLAGLE, Pros. Atty.

[Cite as *Thomas Vending, Inc. v. Slagle* (1999), 135 Ohio App.3d 20.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–99–16.

Decided Sept. 24, 1999.

*Daniel E. Shifflet & Co., L.P.A.,* and *Kevin P. Collins,* for appellee.

*Isaac, Brant, Ledman & Teetor* and *J. Stephen Teetor,* for appellant.

WALTERS, Judge.

Defendant–appellant, Jim Slagle, brings this appeal from an order of the Court of Common Pleas of Marion County denying his motion for summary judgment in a tort action brought by plaintiff–appellee, Thomas Vending, Inc. This appeal is dismissed due to the Ohio Supreme Court's recent decision finding Am.Sub.H.B. No. 350 unconstitutional *in toto.*

The following provides a brief procedural summary:

At all times relevant, Slagle acted in his capacity as the Prosecuting Attorney for Marion County. Appellee is a corporation that supplies vending machines to various buildings and offices around the city and county of Marion. On September 5, 1997, appellee filed a complaint against Slagle asserting claims of failure to return property seized during the execution of a search warrant and intentional interference with a business relationship. Thereafter, Slagle filed a motion for summary judgment, arguing, among other things, that he was entitled to immunity for his actions taken as the prosecuting attorney. On February 22, 1999, the trial court denied Slagle's motion, due to the finding that genuine issues of fact existed on whether the immunity protections were applicable to this case. Slagle then filed the instant interlocutory appeal pursuant to R.C. 2501.02 and R.C. 2744.02(C).

Both of these sections of the Ohio Revised Code were amended, effective January 27, 1997, as part of Am.Sub.H.B. No. 350 to confer jurisdiction on appellate courts to hear interlocutory appeals from orders denying a political subdivision or an employee thereof the benefit of an alleged immunity. However, in its recent decision of *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, the Supreme Court of Ohio declared Am.Sub.H.B. No. 350 unconstitutional *in toto* because it violates the one-subject provision of Section 15(D), Article II of the Ohio Constitution. Therefore, since the sections of the Ohio Revised Code that Slagle relies upon to bring this interlocutory appeal are void, we have no choice but to dismiss the appeal.

*Appeal dismissed.*

HADLEY and SHAW, JJ., concur.