HAYNES et al., Appellees,

v.

CITY OF FRANKLIN, Appellant, et al.

[Cite as *Haynes v. Franklin* (1999), 135 Ohio App.3d 82.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No.  CA99–02–023.

Decided Oct. 18, 1999.

*Casper & Casper* and *Patrick W. Allen,* for appellees.

*James W. Gustin* and *John E. Brehm, Jr.,* for appellant.

WALSH, Judge.

Defendant-appellant, the city of Franklin, appeals an order of the Warren County Court of Common Pleas overruling its motion for summary judgment.

In the summer of 1994, the city hired Armrel–Byrnes Company, a general contractor, to resurface several roads in the city, including a stretch of Trenton–Franklin Road. The contract did not include berm work. That work was instead done by the city's Public Works Street Superintendent and his crew. There were

no paved shoulders on Trenton–Franklin Road. The road was abutted either by a combination of grass, dirt, and/or blacktop, or, where berm work had been done, by chips and dust.

In a complaint filed on November 1, 1996, against the city and Armrel–Byrnes, plaintiff-appellee Herbert Haynes and his wife, plaintiff-appellee Machelle Haynes, alleged that on the morning of November 3, 1994, plaintiff-appellee Herbert Haynes was driving a Mack tractor with a semitrailer attached to it on Trenton–Franklin Road.[1] The complaint alleged that the right front tire of appellee's tractor went off the right edge of the roadway because of a severe drop-off between the road and the shoulder or berm. The complaint alleged that as a result, appellee was unable to control his tractor, which subsequently crossed the roadway and went off the pavement on the left side of the roadway, where it struck a tree. Appellee was seriously injured as a result of the accident. The complaint alleged that "[d]uring the repair and resurfacing of Trenton–Franklin Road, the addition of paving material to the subpaving materials created pavement edge drop-offs of up to seven inches from the traversed surface to the existing berm/shoulder."

The complaint further alleged that appellee's injuries were directly and proximately caused by the city's negligence in resurfacing Trenton–Franklin Road, and more specifically by the city's violation of R.C. 2744.02, requiring it to keep its roads free of nuisance. The complaint sought damages for appellee's lost wages, pain and suffering, and loss of enjoyment of life, and for Machelle Haynes's loss of consortium. The city filed its answer on April 10, 1997. On September 23, 1998, the city filed a motion for summary judgment in which it argued that it was immune from liability pursuant to R.C. Chapter 2744. By decision and order filed February 5, 1999, the trial court overruled the city's motion for summary judgment. The trial court's order did not include Civ.R. 54(B) language indicating "no just reason for delay." The city timely filed this appeal and raises as its sole assignment of error that "[t]he trial court committed prejudicial error by failing to grant defendant-appellant city of Franklin's motion for summary judgment."

Before we can address the city's assignment of error, we must first determine whether the order appealed from, that is, the trial court's denial of the city's motion for summary judgment, is a final, appealable order as defined by R.C.

---

1. When referred to together, Herbert and Machelle Haynes will be referred to as appellees. When referred to separately, however, Herbert Haynes will be referred to as appellee, while his wife will be referred to as Machelle Haynes. While appellees filed their complaint against both the city and Armrel–Byrnes, Armrel–Byrnes was subsequently voluntarily dismissed on March 2, 1998 pursuant to Civ.R. 41(A)(1)(a).

2505.02. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266, 270.

■ "The denial of a motion for summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02." *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292, 1293–1294. The city contends in a footnote in its brief, however, that the trial court's denial of its motion for summary judgment is a final, appealable order under R.C. 2744.02(C).

Effective January 27, 1997, the General Assembly amended R.C. 2744.02 to add paragraph (C), which states: "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of the law is a final order." The Sixth Appellate District has found that R.C. 2744.02(C) "serves a * * * legitimate governmental purpose in that it conserves the fiscal resources of political subdivisions by allowing them to appeal a decision that they are not immune from suit as soon as such decision is made instead of having to spend the time and financial resources defending themselves at trial only to appeal after trial and have it determined by an appellate court that they were immune from suit all along." *Kagy v. Toledo–Lucas Cty. Port Auth.* (1997), 121 Ohio App.3d 239, 244, 699 N.E.2d 566, 569–570.

Also effective January 27, 1997, R.C. 2501.02 was amended by adding the language underlined below:

"In addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court [of appeals] shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, including the finding, order, or judgment of a juvenile court that a child is a delinquent, neglected, abused, or dependent child and including an order denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or another provision of the Revised Code, for prejudicial error committed by a lower court of that nature."

■ The addition of R.C. 2744.02(C) to R.C. Chapter 2744 and the amendment of R.C. 2501.02 were part of Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, 3981-398, 3989, which became effective on January 27, 1997. However, on August 16, 1999, the Supreme Court of Ohio declared Am.Sub.H.B. No. 350 "unconstitutional *in toto.*" *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, paragraph three of the syllabus. It is well established that a decision of the Supreme Court of Ohio

striking down a statute as unconstitutional is generally given retrospective application. *Wendell v. AmeriTrust Co., N.A.* (1994), 69 Ohio St.3d 74, 77, 630 N.E.2d 368, 371; *Overbee v. Sumitomo Sitix Silicon, Inc.* (Mar. 11, 1996), Warren County App. No. CA95-12-124, unreported, 1996 WL 103795. The Supreme Court's decision in *Sheward* has thus the retroactive effect of barring application of R.C. 2501.02 and 2744.02(C) in this case. We thus must turn to R.C. 2505.02 to determine whether the trial court's denial of the city's motion for summary judgment was a final, appealable order.

R.C. 2505.02, which was amended effective July 22, 1998, now defines a final, appealable order as follows:

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

"(3) An order that vacates or sets aside a judgment or grants a new trial;

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy;

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

"(5) An order that determines that an action may or may not be maintained as a class action."

R.C. 2505.02(D) provides: "This section applies to and governs any action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state." Because the city filed its appeal after the effective date of the amendment of R.C. 2505.02, the newly amended R.C. 2505.02 applies to this appeal.

■ To be final, an order must fit into at least one of the five categories set forth in R.C. 2505.02. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381. The trial court's order from which this appeal has been taken did not set aside a

judgment or grant a new trial. R.C. 2505.02(B)(3). Nor did it determine that an action may or may not be maintained as a class action. R.C. 2505.02(B)(5).

R.C. 2505.02(B)(1) defines a final, appealable order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." The trial court's order clearly affected a substantial right because it denied the city the benefit of its statutory immunity defense. "However, the effect of that denial does not determine the action or prevent a judgment on the liability claim which survives. Absent a Civ.R. 54(B) certification that there is no just reason for delay, the [denial of the motion for] summary judgment remained an interlocutory order because it was subject to revision by the trial court while the liability claim remained pending." *Sparks v. Edingfield,* (Mar. 31, 1995), Greene App. No. 94–CA–78, unreported, 1995 WL 141625.[2] As a result, the trial court's order is not a final, appealable order under R.C. 2505.02(B)(1).

R.C. 2505.02(B)(2) defines a final, appealable order as "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." As already noted, the trial court's order clearly affected a substantial right of the city. However, the order was not entered upon a summary application in an action after judgment or in a special proceeding as defined by R.C. 2505.02(A)(2) or by *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213.

R.C. 2505.02(A)(2) defines "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." In *Polikoff,* the Supreme Court of Ohio held that "[o]rders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02." *Id.* at syllabus. In *Walters v. The*

---

2. In *Sparks v. Edingfield,* the plaintiffs filed a complaint alleging that they had suffered personal injuries and property damage in a collision between two vehicles that was caused by the defendants' negligence. The defendants pleaded the affirmative defense of immunity pursuant to R.C. 2744.02(B)(1)(c), which affords immunity to political subdivisions when the liability alleged arises from the negligent operation of a vehicle by a member of an emergency medical service owned or operated by the political subdivision. The parties filed motions for summary judgment, which were all denied by the trial court. The defendants appealed the denial of their motion for summary judgment. Analyzing the trial court's denial under the previous version of R.C. 2505.02 (when it had only three categories of final, appealable orders), the Second Appellate District held that the trial court's denial of the defendants' motion for summary judgment was not a final, appealable order under R.C. 2505.02 and dismissed the appeal.

*Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 676 N.E.2d 890, the Supreme Court of Ohio "clarified" the *Polikoff* syllabus by holding, "The determining factor of *Polikoff* is whether the 'action' was recognized at common law or in equity and not whether the 'order' was so recognized. In making the determination courts need only look at the underlying action. * * * Under *Polikoff,* it is the underlying *action* that must be examined to determine whether an order was entered in a special proceeding." (Emphasis *sic.*) *Id.* at 121–122, 676 N.E.2d at 893.

In the case at bar, the underlying action by appellees was a civil action seeking damages for personal injuries caused by the negligence of another and for loss of consortium. It is well established that a claim for loss of consortium was recognized at common law, see *Schaefer v. Allstate Ins. Co.* (1996), 76 Ohio St.3d 553, 668 N.E.2d 913, and hence was not a special proceeding. Similarly, it is well established that a cause of action for personal injuries caused by another's negligence was recognized at common law, see *Williams v. Marion Rapid Transit, Inc.* (1949), 152 Ohio St. 114, 39 O.O. 433, 87 N.E.2d 334, and hence was not a special proceeding. We therefore find that the underlying action was not a special proceeding under either R.C. 2505.02(A)(2) or *Polikoff.* As a result, the trial court's order is not a final, appealable order under R.C. 2505.02(B)(2).

■ Finally, R.C. 2505.02(B)(4) defines a final, appealable order as an order that grants or denies a provisional remedy that determined the action and prevented a judgment with respect to that provisional remedy, from which the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment in the action. R.C. 2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."

Assuming *arguendo* that the statutory immunity defense set forth in R.C. Chapter 2744 is a provisional remedy, we nevertheless find that the trial court's denial of the city's motion for summary judgment is not a final, appealable order under R.C. 2505.02(B)(4) because it does not meet the requirements of R.C. 2505.02(B)(4)(b). Under this provision, it must be found that the appealing party would not be afforded a meaningful or effective remedy from an appeal following the conclusion of the primary action. The essence of the claimed immunity in the case at bar is that when a political subdivision or its employees are haled into court on a negligence claim, they will not be liable for their actions if they constitute protected actions under R.C. Chapter 2744. "Such a claimed right is not lost if a motion for summary judgment fails and a trial ensues. The right to be free from *liability* * * * can certainly be vindicated on appeal. The issue is eminently reviewable on appeal from final judgment * * *." (Emphasis *sic.*)

*Celebrezze,* 51 Ohio St.3d at 92, 554 N.E.2d at 1295–1296. Indeed, if the trial court is later found to have erred in finding that the statutory immunity of R.C. Chapter 2744 did not apply, its judgment would be reversed and the cause would be remanded to the trial court. As a result, the trial court's order is not a final, appealable order under R.C. 2505.02(B)(4).

In light of all of the foregoing, we find that the order appealed from did not meet any definition of a final order under R.C. 2505.02. It was therefore not a final, appealable order, and we lack jurisdiction to review it. Accordingly, the appeal is dismissed.

*Appeal dismissed.*

POWELL, P.J., and VALEN, J., concur.