CHAMBERS et al., Appellees,

v.

CHAMBERS et al. Appellees; Cuyahoga County
Board of Commissioners et al., Appellants.

[Cite as *Chambers v. Chambers* (2000), 137 Ohio App.3d 355.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 75220, 75239, 75240, 75241 and 75242.

Decided April 3, 2000.

*Berger & Zavesky Co., L.P.A., Robert J. Zavesky* and *Anthony R. Petruzzi,* for appellees Patricia Chambers et al.

*Donald Chambers, appellee, pro se.*

*Donald Chambers, Jr., pro se.*

*Jimae T. Chambers, appellee, pro se.*

*Patrick Chambers, appellee, pro se.*

*Reminger & Reminger, Marc W. Groedel* and *Beverly A. Sandacz,* for the Kaiser-affiliated defendants.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, *Steven W. Ritz* and *Gregory D. Rowinski,* Assistant Prosecuting Attorneys, and *Kathleen A. Martin,* Litigation Manager, Civil Division, for appellants Cuyahoga County Board of Commissioners, Cuyahoga County Department of Children and Family Services, and Interim Director.

---

SPELLACY, Judge.

On December 19, 1997, plaintiffs-appellees Patricia Chambers, a minor, and Patricia Fuller filed a complaint against numerous defendants after Patricia Chambers was sexually abused by her father and, allegedly, by other family members. On March 2, 1998, defendants-appellants Cuyahoga County, Cuyahoga County Board of Commissioners, Cuyahoga County Department of Children and Family Services, and Judith Goodhand as Director of the Cuyahoga County Department of Children and Family Services ("county") filed a motion for judgment on the pleadings in which, *inter alia,* the county argued that it was immune from liability under R.C. Chapter 2744. On April 2, 1998, the County filed a second motion for judgment on the pleadings, again raising immunity as a complete defense.

On May 11, 1998, the county filed a motion for protection order in response to a request for production of documents by the plaintiffs. The plaintiffs asked for any material relating to Patricia Chambers. The county's position was that the requested documents were confidential and could not be disseminated according to statute. On June 16, 1998, the county filed another motion for protective order against defendant Kaiser Permanente. Kaiser had filed a motion to compel materials, including investigative reports, which the county considered to be confidential and privileged. On August 14, 1998, the county filed a third motion for protection order after another defendant requested the same documents.

On August 27, 1998, the trial court partially granted the county's first motion for judgment on the pleadings and dismissed the plaintiffs' claim for punitive damages. The remainder of the motion was denied. The trial court completely denied the county's second motion for judgment on the pleadings. On September 1, 1998, the trial court denied the county's three motions for protective order. The county has appealed from the denial of these five motions.

Before the merits of the appeal can be addressed, this court must determine whether the orders which are the subject of the appeal are final. The county argues that R.C. 2744.02(C) provides that an order denying a political subdivision immunity from liability is a final order from which an appeal can be

taken. However, R.C. 2744.02 was amended pursuant to Sub.H.B. No. 350 to add R.C. 2744.02(C). In *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, the Supreme Court of Ohio declared Am.Sub.H.B. No. 350 to be unconstitutional *in toto* because it violated the one-subject provision of Section 15(D), Article II of the Ohio Constitution. Because R.C. 2744.02(C) now is void, the trial court's journal entries denying the county's two motions for judgment on the pleadings are not final orders. See *Perry v. Goodin* (Sept. 16, 1999), Mahoning App. No. 99 C.A. 187, unreported, 1999 WL 771085; *Thomas Vending, Inc. v. Slagle* (1999), 135 Ohio App.3d 20, 732 N.E.2d 1016; *Jones v. Springfield Township* (1999), 134 Ohio App.3d 832, 732 N.E.2d 476; *Haynes v. Franklin* (1999), 135 Ohio App.3d 82, 732 N.E.2d 1060.

The county argues that it may appeal from the trial court's orders denying its motions for protection order because the journal entries are final under R.C. 2505.02. The statute was amended, effective July 22, 1998. R.C. 2505.02 provides:

"(A)(1) 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

" * * *

"(3) 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

" * * *

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

Therefore, for an order to be considered final under R.C. 2505.02(B)(4), the journal entry must satisfy the three requirements set forth in the statute (1) it must grant or deny a provisional remedy as that term is defined in the statute,

(2) it must conclusively determine the action with respect to the provisional remedy, and (3) the appealing party would not be afforded a meaningful review of the decision if that party has to wait for final judgment as to all proceedings in the action. *Mentor v. Babul* (July 16, 1999), Lake App. No. 98–L–244, unreported, 1999 WL 820583.

The discovery of privileged information is specifically mentioned as a provisional remedy under R.C. 2505.02(A)(3). The records requested from the county involved any investigation into alleged abuse suffered by Patricia Chambers. Records of a county children services board investigation made pursuant to R.C. 5153.17 and 2151.141 are confidential and privileged. See *State ex rel. Renfro v. Cuyahoga Cty. Dept. of Human Serv.* (1990), 54 Ohio St.3d 25, 560 N.E.2d 230. Even so, that confidentiality is not absolute and courts have applied a balancing test in determining whether a defendant is entitled to the confidential records. *Sharpe v. Sharpe* (1993), 85 Ohio App.3d 638, 620 N.E.2d 916. See also R.C. 5153.17 which provides that the records "shall be open to inspection by * * * other persons, upon written permission of the executive secretary." In the criminal context, the records of a children services agency must be made available to the trial court for an *in camera* inspection. *Pennsylvania v. Ritchie* (1987), 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40. The Third District Court of Appeals has held that a trial court may conduct an *in camera* inspection to determine the relevancy of the records to the proceeding and whether good cause for such a request has been established by the person seeking disclosure of the records. The admission of the records or reports must outweigh the confidentiality considerations set forth in R.C. 5153.17 and 2151.421(H)(1). *Johnson v. Johnson* (1999), 134 Ohio App.3d 579, 731 N.E.2d 1144. Because the requested materials were privileged, the motions for protective orders are ancillary proceedings under R.C. 2505.02(A)(3). See *Gibson–Myers & Assoc. v. Pearce* (Oct. 27, 1999), Summit App. No. 19358, unreported, 1999 WL 980562.

The dissemination of privileged materials would conclusively determine the action with regard to the materials. The information would no longer be confidential once it is disclosed to the opposing parties. Therefore, the second prong for determining finality under R.C. 2505.02(B)(4) has been met.

Finally, the appealing party cannot have a meaningful remedy by way of appeal following final judgment on all issues, claims, and parties. In determining whether a remedy is meaningful or effective, a court must consider the impracticability and detrimental effect of a delayed review of the provisional remedy. The delay essentially must deprive the appellant of a remedy. *Penko v. Eastlake*

(Dec. 11, 1998), Lake App. No. 98–L–186, unreported, 1998 WL 1145267. Here, the dissemination of privileged material during discovery would foreclose the county from a meaningful review of the issue during an appeal of the entire case. The county's appeals from the denial of its motions for protective order were final orders under R.C. 2505.02(B)(4).

An order considered final under R.C. 2505.02 must still meet the requirements of Civ.R. 54(B). Compliance with both provisions is necessary before a reviewing court has jurisdiction to consider an appeal. *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 716 N.E.2d 184. Civ.R. 54(B) provides that a trial court may enter final judgment to less than all claims or parties in an action only upon an express determination that there is no just reason for delay. In the absence of this determination, the order is not final and no appeal may be taken from the order. In the instant case, the trial court did not make the determination that there was no just reason for delay on any of the three judgment entries concerning the denial of the motions for protective order. Therefore, the orders are not final and this court has no jurisdiction over the appeal.

The motions to dismiss the appeal filed by defendants-appellees Kaiser Foundation Health Plan of Ohio, Kaiser Foundation Hospitals, Kaiser Permanente, Ohio Permanente Medical Group, Inc., Lydia Cook, M.D., Peter Paladin, M.D., and Linda Kerr, CPNA and plaintiffs-appellees Patricia Chambers and Patricia Fuller are granted.

*Appeal dismissed.*

JAMES D. SWEENEY, J., concurs.

KARPINSKI, P.J., concurs in judgment only.