DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Wood County Court of Common Pleas. The facts giving rise to this appeal are as follows.
In 1987, appellant, Dennis Weatherford, was sentenced to no less than fifteen nor more than twenty-years in prison for rape, a violation of R.C. 2907.02. In 1997, the trial court received a sexual predator screening instruction and a recommendation from the Department of Rehabilitation and Corrections that appellant be adjudicated a sexual predator pursuant to R.C. 2950.09. On July 22, 1997, the trial court, suasponte, issued a judgment entry finding that the application of R.C.2950.09 to individuals who had been sentenced prior to the 1997 enactment of R.C. 2950.09 was unconstitutional. The state appealed the court's ruling. On June 26, 1998, this court affirmed the trial court's ruling in the consolidated case of State v. Gonyer, et al. (June 26, 1998), Wood App.No WD-062. The state of Ohio did not appeal our ruling to the Supreme Court of Ohio.
On September 30, 1998, the Supreme Court of Ohio held in State v. Cook
(1998), 83 Ohio St.3d 404, that R.C. 2950.09, as applied to conduct prior to the effect of the statute, is constitutional. The Supreme Court found that sexual offender classification proceedings are essentially nonpunitive and civil in nature.
In May 2000, the trial court scheduled another hearing for purposes of determining whether or not appellant should be designated a sexual predator. Appellant filed a motion to dismiss further proceedings. The trial court denied the motion and on May 10, 2000, the court adjudicated appellant a sexual predator. Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS AND FOUND THAT THE DOCTRINE OF THE "LAW OF THE CASE" AND PRINCIPLES OF RES JUDICATA DID NOT BAR FURTHER PROCEEDINGS PURSUANT TO R.C. 2950.09."
The doctrine of res judicata provides that a valid final judgment rendered upon the merits and without fraud or collusion, bars all subsequent claims arising out of the same transaction between the same parties or those in privity with them. Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 381, Norwood v. McDonald (1943), 142 Ohio St. 299, paragraph one of the syllabus; 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25. Moreover, the Supreme Court of Ohio has held "there is no exception in the doctrine of res judicata for merely erroneous judgments." Labarbera v. Batsch (1967), 10 Ohio St.2d 106,110. The reason for the application of res judicata is that "`public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.'" State v. Szefcyk (1996), 77 Ohio St.3d 93, quoting FederatedDept. Stores, Inc. v. Moitie (1981), 452 U.S. 394, 401.
In the present case, there is no question that in 1997 and 1998, before the Supreme Court's decision in Cook, the parties litigated the issue of appellant's sexual predator status. The state chose not to appeal our decision to the Ohio Supreme Court. Therefore, this court's June 26, 1998 decision affirming the trial court's decision in this case remains a valid, final judgment on the merits of appellant's sexual predator status. The fact that the precedent relied upon in the original decision was somehow changed or overruled approximately three months later matters not to this case. Accord, State v. Zimmerman (Nov. 8, 2000), Seneca App. No. 13-2000-20, unreported; State v. Osborne (Apr. 20, 2000), Seneca App. No. 13-99-47, unreported; State v. Banks (Apr. 19, 2000), Seneca App. No. 13-99-60, unreported; State v. Lowe (Apr. 13, 2000), Seneca App. No. 13-99-66, unreported; State v. Dick (2000), 137 Ohio App.3d 360.
Appellant's sole assignment of error is found well-taken. The judgment of the Wood County Court of Common Pleas is reversed and remanded with instructions to vacate its May 10, 2000 judgment and to dismiss the instant case. Costs to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., Mark L. Pietrykowski,P.J., CONCUR.