JOURNAL ENTRY and OPINION
Defendant-appellant University Hospitals of Cleveland (UH) appeals the trial court's order compelling it to disclose the hospital incident reports regarding the instant matter. For the reasons below, the trial court's decision is reversed and remanded.
Plaintiff-appellee Jocelyn Johnson, individually and as the administratrix of the estate of Floryne Johnson, commenced this action by filing a medical malpractice complaint against UH.
On October 12, 2000, Johnson requested that UH produce incident reports which pertain to Johnson's claims, among other discovery requests. UH was granted leave to respond to Johnson's discovery requests.
On January 9, 2001, UH responded by objecting to the request because the request sought "* * * privileged communications and writings * * *." Johnson filed a motion to compel discovery but did not specifically mention the incident reports in its motion. The trial court granted Johnson's motion to compel on March 7, 2001. The next day, UH filed its brief in opposition to Johnson's motion, arguing that Johnson's requests "seek information that is clearly privileged by Ohio's statutes on peer review and quality assurance."
On March 12, 2001, the trial court again granted Johnson's motion to compel and required compliance by March 23, 2001.
On March 23, 2001, UH filed a motion for leave to comply with the court orders. The trial court denied the request.
Discovery disputes continued throughout the course of this action. In July 2001, Johnson moved for an order scheduling discovery depositions and other discovery matters. On July 31, 2001, the trial court ordered UH to immediately "produce all documents requested in Plaintiff's Requests for Production of Documents."
On August 9, 2001, after a pretrial was held, the trial court ordered UH to produce the incident reports by August 16, 2001. The court's order, however, permitted UH to file a motion for protective order. UH timely filed a motion for protective order regarding the incident reports. On August 17, 2001, the trial court denied the motion and ordered UH to produce the incident reports by the end of the day.
UH immediately filed an appeal of this order and sought a stay pending appeal. It also filed a motion for Civ.R. 54(B) certification which the trial court denied, stating:
 "This court having been notified that defendant University Hospitals of Cleveland filed a notice of appeal on August 17, 2001 regarding this court's denial of a motion for protective order. Although this is not a final appealable order, it is within the Court of Appeals province to either grant a pending motion to dismiss or exercise its jurisdiction over said appeal. At this time, the 8th District Court of Appeals has not rendered a ruling. Motion for stay of court order to produce incident reports filed August 20, 2001 is granted. On court's own motion, case stayed pending Appellate Court ruling. Upon 8th District ruling, case to return to active docket. Final."
UH raises the following issue on appeal:
 I. THE TRIAL COURT ERRED IN ORDERING THAT UNIVERSITY HOSPITALS OF CLEVELAND'S INCIDENT REPORT, CONTAINING CONFIDENTIAL AND PRIVILEGED MATERIALS, BE PRODUCED.
Before we address the merits of this appeal, we must determine whether the trial court's order denying the motion for protective order is a final appealable order.
UH argues that it may appeal from the trial court's order denying its motion for protective order because the journal entry is final under R.C. 2505.02.
R.C. 2505.02, in pertinent part, provides:
 (A) * * * (3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
* * *
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
* * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
In determining whether the order was final, we partially adopt the analysis set forth in Chambers v. Chambers (2000), 137 Ohio App.3d 355; 738 N.E.2d 834.
First, we must determine whether the trial court's August 17, 2001 order granted or denied a provisional remedy. R.C. 2505.02 (B)(4). The discovery of privileged information is a provisional remedy under R.C.2505.02(A)(3). Here, Johnson requested incident reports which UH argues were prepared for quality assurance purposes and for review by its risk management committee and counsel. Records which contain quality assurance materials are confidential and privileged pursuant to R.C. 2305.24, R.C.2305.25, R.C. 2305.251. Thus, the court's order granted a provisional remedy under R.C. 2505.02(A)(3).
Next, we must determine whether the disclosure of the incident reports would conclusively determine the action with regard to the materials. R.C. 2505.02(B)(4)(a). Obviously, once the information is disseminated to Johnson, it is no longer confidential. Thus, UH would be prevented from a judgment in its favor regarding the provisional remedy at the close of trial. See R.C. 2505.02 (B)(4)(a). Therefore, the trial court's order meets the finality requirement set forth in R.C. 2505.02(B)(4)(a).
Finally, we must determine whether UH can have a meaningful remedy by way of appeal following final judgment on all issues, claims, and parties. R.C. 2505.02(B)(4)(b). If UH is required to disclose the privileged information, no meaningful or effective remedy exists because once the information has been disclosed, there is no way to "undo the damage." Thus, UH has met the requirement set forth in R.C.2505.02(B)(4)(b) because it would be denied a meaningful remedy should it be required, after forced disclosure, to wait until the ongoing underlying proceeding finally was resolved. Conforte v. LaSalla (Nov. 1, 2001), Cuyahoga App. No. 79358, unreported.
At this point, our analysis mirrors the analysis set forth inChambers. In Chambers the trial court also ordered the disclosure of privileged documents. However, despite finding that each requirement of R.C. 2505.02 was met, Chambers dismissed the appeal because it determined that "[c]ompliance with both [R.C. 2505.02 and Civ.R. 54(B)] is necessary before a reviewing court has jurisdiction to consider an appeal. Denhamv. New Carlisle (1999), 86 Ohio St.3d 594, 716 N.E.2d 184." We find thatChambers added an unnecessary requirement to its analysis, and dismissed the appeal when it found that the trial court's order failed to meet the second unnecessary element.
The quote from Denham, on which Chambers relied, states that "[a]n order of a court is final and appealable only if it meets the requirements of both Civ.R. 54(B) and R.C. 2505.02. Chef Italiano Corp.v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64, 67."
In quoting Chef Italiano, Denham omits a critical portion of the sentence on which it relies. The proposition of law set forth in ChefItaliano actually states as follows:
 "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." Id. at 88. (Emphasis added.)
Thus, both R.C. 2505.02 and Civ.R. 54(B) need be met only when Civ.R.54(B) is applicable. See Conforte v. LaSalla (Nov. 1, 2001), Cuyahoga App. No. 79358, unreported (the finality of the court's order was reviewed by this court without reference to Civ.R. 54(B) because Civ.R. 54(B) did not apply when a non-party appealed a court order requiring disclosure of privileged documents.)
Here, Civ.R. 54(B) does not apply.
Civ.R. 54(B) provides:
 Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Civ.R. 54(B) does not apply to the instant situation because no final judgment was entered as to any party or claim. See Owens Flooring Co. v.Hummel Construction Co. (2000), 140 Ohio App.3d 825, 828. Therefore, because the order meets all of the requirements of R.C. 2505.02, we conclude that the order appealed from in this case is a final appealable order.
Having determined that the trial court's order is final and subject to appeal, we next determine whether the trial court erred in compelling UH to disclose the incident reports.
R.C. 2305.24 provides, in pertinent part, that:
 "Any information, data, reports, or records made available to a quality assurance committee * * * shall be confidential and shall be used by the committee and the committee members only in the exercise of the proper functions of the committee. * * *."
And, R.C. 2305.251, provides that:
 Proceedings and records of all review committees described in section 2305.25 of the Revised Code shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional, [or] a hospital * * * arising out of matters that are the subject of evaluation and review by the committee."
The review committees described in R.C. 2305.25 include quality assurance committees. R.C. 2305.25.
The privilege granted by R.C. 2305.24, 2305.25, and 2305.251 is not absolute. R.C. 2305.251 creates a major exception[1] to the privilege by stating that:
 Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented during proceedings of a committee * * *.
In support of its contention that the incident reports are not subject to discovery pursuant to R.C. 2305.24, 2305.25, and 2305.251, UH relies upon its Administrative Policy and Procedure Manual II ("policy manual"). The policy manual states that incident reports are: prepared for the risk management department to "identify opportunities for quality improvement," protected from disclosure because the attorney-client privilege applies, and confidential pursuant to R.C. 2305.251.
The policy manual also states that although incident reports are not a part of a patient's medical record, "the events of the incident are documented in the patient's medical record."
Here, Johnson claims that UH failed to describe the events of the incident in Floryne Johnson's medical record.
Nonetheless, "[t]he mere fact that hospital incident report contained information relating to patient's treatment and care that should have been included in patient's medical records did not prevent report from qualifying for protection under attorney-client and peer review privileges." Tyes v. St. Luke's Hospital (Dec. 2, 1993), Cuyahoga App. No. 65394, unreported, citing, Ware v. Miami Valley Hospital (1992),78 Ohio App.3d 314, 604 N.E.2d 791.
However, Johnson's request does not concern the treatment and care of Floryne Johnson, but the facts of the incident which led to Floryne's death. The attorney-client privilege does not prevent disclosure by employees of underlying facts. Tyes, citing, Upjohn Co. v. United States
(1981), 449 U.S. 383, 101 S.Ct. 677.
Furthermore, UH cannot assert that it followed the policy manual when it created the incident reports and thereby invoke the cloak of privilege created by R.C 2305.24, 2305.25 and 2305.251, but ignore its obligation under that same policy manual to describe the events of the incident in the patient's medical record.
The trial court should have determined whether the events of the incident were properly described in the medical record. Had it determined that the events were not included in the medical record, then only the portion of the incident report describing the events would have been subject to disclosure, not the entire document.
As stated in Gates v. Brewer (1981), 2 Ohio App.3d 347, at syllabus,442 N.E.2d 72:
 "When a trial court is presented with a situation in which * * * a party attempts to prevent the introduction of certain evidence by asserting the privilege defined in R.C. 2305.251, it is incumbent upon the trial court to hold an in camera inspection of the information, documents or records in question."
Applying the privileges set forth in R.C. 2305.24, 2305.25 and R.C.2305.251 to actual documents is a difficult task. See In re GrandviewHospital (1990), 51 Ohio St.3d 94, 96. An in camera inspection allows the trial court to make an informed decision as to the admissibility of the evidence in relation to these statutory privileges. See Gates at 351.
Here, the trial court erred by compelling the disclosure of the incident reports in toto without conducting an in camera inspection of the records. Thus, we reverse the trial court's decision and remand to the trial court for an in camera comparison of the incident reports and medical record to determine whether the events of the incident were properly explained in the medical record. See Id.; see also, In reGrandview Hospital (1990), 51 Ohio St.3d 94; Winters v. Lutheran MedicalCtr. (1989), 43 Ohio App.3d 119. If they were not, limited disclosure of the incident report may be appropriate.
Accordingly, we find that the sole assignment of error has merit.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and ANN DYKE, J. CONCUR
[1] In re Grandview Hospital (1990), 51 Ohio St.3d 94.