[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 200.]

ESTATE OF WEITZEL ET AL., APPELLEES, *v.* CITY OF CUYAHOGA FALLS, APPELLANT, ET AL.

[Cite as *Estate of Weitzel v. Cuyahoga Falls*, 1999-Ohio-24.]

*Tort reform—Am.Sub.H.B. No. 350—Appellate procedure—Final appealable orders—Sovereign immunity—Amendment to R.C. 2501.02 and newly enacted R.C. 2744.02(C)—Judgment of court of appeals affirmed on authority of State ex rel. Ohio Academy of Trial Lawyers v. Sheward.*

(No. 98-190—Submitted August 25, 1999—Decided November 17, 1999.)

APPEAL from the Court of Appeals for Portage County, No. 97-P-0036.

————————————

*Taft, Stettinius & Hollister, Michael C. Lueder* and *Mary Elizabeth Welch,* for appellees Estate of David A. Weitzel and Carol Moran.

*Virgil Arrington, Jr.*, Deputy Law Director, for appellant Cuyahoga Falls.

*Baker & Hostetler, L.L.P.,* and *Patricia Poole,* for Don's Dozer Service.

————————————

{¶ 1} The judgment of the court of appeals dismissing the appeal for lack of jurisdiction is affirmed on the authority of *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS and RESNICK, JJ., CONCUR SEPARATELY.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

COOK and LUNDBERG STRATTON, JJ., dissent.

————————————

**DOUGLAS, J., concurring.**

{¶ 2} For the reasons stated in my concurrence in *Burger v. Cleveland Hts.* (1999), 87 Ohio St.3d 188, 189, 718 N.E.2d 912. I respectfully concur.

RESNICK, J., concurs in the foregoing concurring opinion.

_____

**MOYER, C.J., dissenting.**

{¶ 3} I disagree with the decision of the majority, which affirms the judgment of the court of appeals on the authority of *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062. The parties in this case did not challenge the constitutionality of Am.Sub.H.B. No. 350, and, therefore, I believe that the case should have been decided on the issue raised. While it is true that if *Sheward* is to be followed in the instant case, the question whether R.C. 2744.02(C) as amended by Am.Sub.H.B. No. 350 should be applied retroactively to the instant case would be rendered moot, I would not want a vote of concurrence in this case to in any way suggest that I believe *Sheward* should necessarily be followed by this court in the future. Therefore, I dissent.

{¶ 4} It is not unusual for this court to summarily decide pending cases that raise legal issues dependent on those recently decided by the court in another case. It has been my past practice in such circumstances to follow the law announced in the earlier case, even where I dissented from the decision of the majority in that earlier case. My reason is based on my belief that once this court announces its opinion on an issue of law, that principle of law should be applied consistently to all persons similarly situated, whether or not I agree with that principle.

{¶ 5} Regrettably, I am compelled to make an exception to that practice in this case. In view of irregularities in the assumption of jurisdiction and the inclusion of inappropriate references to the conduct of the General Assembly in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, as is more fully described in my dissent therein, I cannot agree that *Sheward* should control the outcome of this case.

COOK and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.

————————————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 6} This case involves issues identical to those raised in *Burger v. Cleveland Hts.* (1999), 87 Ohio St.3d 188, 718 N.E.2d 912. I dissented in *Burger*. Therefore, I adopt my dissent from *Burger* in its entirety in this case.

COOK, J., concurs in the foregoing dissenting opinion.

————————————————