[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 262.]

GRAY, ADMR., ET AL., APPELLANTS, *v*. SK CONSTRUCTION COMPANY ET AL; CITY OF DAYTON, APPELLEE.

[Cite as *Gray v. SK Constr. Co.*, 1999-Ohio-56.]

*Discretionary appeal allowed—Court of appeals' judgment reversed on authority of State ex rel. Ohio Academy of Trial Lawyers v. Sheward.*

(No. 99-1327–Submitted September 21, 1999–Decided December 1, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-947.

_____

*David M. Deutsch Co., L.P.A.*, and *David M. Deutsch*, for appellants.

*Freund, Freeze & Arnold, Neil F. Freund* and *Shawn M. Blatt*, for appellee.

_____

{¶ 1} The discretionary appeal is allowed.

{¶ 2} The judgment of the court of appeals is reversed, and the cause is remanded on the authority of *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur separately.

MOYER, C.J., and LUNDBERG STRATTON, J., dissent.

_____

**DOUGLAS, J., concurring.**

{¶ 3} For the reasons stated in my concurrence in *Burger v. Cleveland Hts.* (1999), 87 Ohio St.3d 188, 189, 718 N.E.2d 912, I respectfully concur.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing concurring opinion.

_____

**MOYER, C.J., dissenting.**

**{¶ 4}** I disagree with the decision of the majority, which reverses the judgment of the court of appeals on the authority of *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062. The parties in this case did not challenge the constitutionality of Am.Sub.H.B. No. 350, and, therefore, I believe that the case should have been decided on the issue raised. While it is true that if *Sheward* is to be followed in the instant case, the question whether R.C. 2744.02(C) as amended by Am.Sub.H.B. No. 350 should be applied retroactively to the instant case would be rendered moot, I would not want a vote of concurrence in this case to in any way suggest that I believe *Sheward* should necessarily be followed by this court in the future. Therefore, I dissent.

**{¶ 5}** It is not unusual for this court to summarily decide pending cases that raise legal issues dependent on those recently decided by the court in another case. It has been my past practice in such circumstances to follow the law announced in the earlier case, even where I dissented from the decision of the majority in that earlier case. My reason is based on my belief that once this court announces its opinion on an issue of law, that principle of law should be applied consistently to all persons similarly situated, whether or not I agree with that principle.

**{¶ 6}** Regrettably, I am compelled to make an exception to that practice in this case. In view of irregularities in the assumption of jurisdiction and the inclusion of inappropriate references to the conduct of the General Assembly in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, as is more fully described in my dissent therein, I cannot agree that *Sheward* should control the outcome of this case.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

---