[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 14.]

HUBBARD ET AL., APPELLEES, *v*. CANTON CITY SCHOOL BOARD OF EDUCATION ET AL., APPELLANTS.

[Cite as *Hubbard v. Canton City School Bd. of Edn.*, 2000-Ohio-259.]

*Appeal dismissed as improvidently allowed—Certification of conflict dismissed as improvidently certified—Court of appeals' opinion vacated for lack of a final appealable order.*

(Nos. 98-2577 and 98-2667—Submitted November 3, 1999—Decided February 9, 2000.)

APPEAL from and CERTIFIED by the Court of Appeals for Stark County, No. 1998CA00089.

————————————

*Edward L. Gilbert Co., L.P.A.*, and *Edward L. Gilbert*, for appellees.

*Kirk E. Roman*, for appellants.

————————————

{¶ 1} The cause is dismissed, *sua sponte*, as having been improvidently allowed in case No. 98-2577.

{¶ 2} The certification of conflict is dismissed, *sua sponte*, as having been improvidently certified in case No. 98-2667.  Appellants asserted final appealable order status in the court of appeals pursuant to R.C. 2501.02 and 2744.02(C).  R.C. 2501.02 was amended and R.C. 2744.02(C) was enacted by Am.Sub.H.B. No. 350, which were declared unconstitutional in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062.

{¶ 3} The opinion of the court of appeals is vacated for the reason that the court of appeals lacked subject-matter jurisdiction for lack of a final appealable order.  See, *e.g., Burger v. Cleveland Hts.* (1999), 87 Ohio St.3d 188, 718 N.E.2d

912; *Estate of Weitzel v. Cuyahoga Falls* (1999), 87 Ohio St.3d 200, 718 N.E.2d 921; *Braden v. Cleveland Bd. of Edn.* (1999), 87 Ohio St.3d 206, 718 N.E.2d 924.

{¶ 4} Therefore, the cause is remanded to the trial court for determination of plaintiffs' remaining claims.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

———————————

**COOK, J., dissenting.**

{¶ 5} I would not dismiss this case as improvidently allowed. Our Rules of Practice provide that one of two conditions should be met prior to this court's *sua sponte* dismissal of an appeal on the basis that it was improvidently allowed. S.Ct.Prac.R. XII. Before taking this step we should find either (1) that there is no substantial constitutional question or question of public or great general interest, or (2) that the same question has been raised and passed upon in a prior appeal. *Id.* Neither of these conditions is met here. Instead, the majority initiates this dismissal, finding that the order appealed from is not final.

{¶ 6} Whether the judgment of the trial court denying immunity is final and appealable depends on whether R.C. 2744.02(C) was validly reenacted by the General Assembly in Am.Sub.H.B. No. 215, given that R.C. 2744.02(C) was declared unconstitutional as being part of Am.Sub.H.B. No. 350. That is, if Am.Sub.H.B. No. 215 validly reenacted this section, then the trial court's decision denying immunity to the board of education would be final, and the jurisdiction of the court of appeals would not be questioned by this court.

{¶ 7} I thus would not dismiss the case *sua sponte*, but rather would have the parties brief the jurisdictional issue.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

———————————