OPINION
Defendant-appellant, Pat Whaley, a Franklin County Deputy Sheriff, appeals the May 18, 1999 entry of the Franklin County Court of Common Pleas denying his motion for summary judgment as to claims for malicious prosecution, false arrest, and false imprisonment brought by plaintiff-appellee, Kim Tignor, against appellant in his individual capacity. Appellant had moved for summary judgment on the grounds that he was entitled to immunity under R.C. 2744.03. Because we have no jurisdiction over appellant's interlocutory appeal, we dismiss the appeal.
In general, a decision denying a motion for summary judgment is not a final appealable order. See Celebrezze v.Netzley (1990), 51 Ohio St.3d 89. In his notice of appeal, appellant asserts that the trial court's denial of his summary judgment was appealable pursuant to R.C. 2744.02(C), which provides as follows:
 An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of the law is a final order.
This language was added to R.C. 2744.02 by the 121st Ohio General Assembly through passage of its comprehensive tort reform bill, Am.Sub.H.B. No. 350 (effective January 27, 1997). The new language specifically authorized appellant to appeal the trial court's summary judgment decision in this case. See, e.g., Marcumv. Rice (Nov. 3, 1998), Franklin App. No. 98AP-717, unreported (city of Columbus and several of its employees and officials could appeal summary judgment decision by the trial court denying them immunity from liability based upon absolute privilege).
However, on August 16, 1999, the Ohio Supreme Court held that Am.Sub.H.B. No. 350 violated the one-subject provision of Section 15(D), Article II, Ohio Constitution and as such, was "unconstitutional in toto." State ex rel. Ohio Academy of TrialLawyers v. Sheward (1999), 86 Ohio St.3d 451, paragraph three of the syllabus. Therefore, the language of R.C. 2744.02(C), as brought about by Am.Sub.H.B. No. 350, was likewise declared unconstitutional and no longer provides a jurisdictional basis for our review of interlocutory decisions of a trial court denying immunity. See, e.g., Chambers v. Chambers (Mar. 23, 2000), Cuyahoga App. No. 75220, unreported; Watters v. Ross CountyChildren's Services (Feb. 18, 2000), Pickaway App. No. 99CA9, unreported; Fannin v. City of Portsmouth (Feb. 15, 2000), Scioto App. No. 99CA2661, unreported; Huck v. Muskingum Township (Dec. 22, 1999), Washington App. No. 99CA13, unreported; Darst v. BayVillage Bd. of Edn. (Nov. 10, 1999), Cuyahoga App. No. 76091, unreported; Haynes v. City of Franklin (Oct. 18, 1999), Warren App. No. CA99-02-023, unreported.
Some courts (including the Third, Seventh, and Ninth Appellate Districts) have held, however, that the language contained in R.C. 2744.02(C) was reenacted, effective June 30, 1997, by the 122nd General Assembly by passage of Am.Sub.H.B. No. 215, and, as such, remains valid despite Sheward. See Klamm v.Medina City School District (Feb. 9, 2000), Medina App. No. 2837-M, unreported; Sanders v. Marrero (Feb. 9, 2000), Lorain App. No. 98CA007002, unreported; Thomas Vending, Inc. v. Slagle (Feb. 3, 2000), Marion App. No. 9-99-16, unreported; Sumskis v. John DoeNos. 1-10 (Feb. 2, 2000), Medina App. No. 2886-M, unreported;Stewart v. Chippewa Local School Dist. (Feb. 2, 2000), Wayne App. No. 98CA0049, unreported; Burley v. Bibbo (Nov. 10, 1999), Jefferson App. No. 97-JE-62, unreported.[1]
Am.Sub.H.B. No. 215 amended an unrelated division of R.C. 2744.02. In particular, the legislature added a single code reference to division (B)(2) dealing with exceptions to political subdivision liability for negligent acts of its employees as to proprietary functions. The bill (consistent with Section 15, Article II, Ohio Constitution) reprinted the entire preexisting version of R.C. 2744.02, including division (C) that had been added by Am.Sub.H.B. No. 350 by the previous General Assembly. Under the reenactment theory, passage of Am.Sub.H.B. No. 215 repealed the entire prior version of R.C. 2744.02 (including division [C] as passed by Am.Sub.H.B. No. 350) and reenacted the entire code section anew (including the same language of division [C] as that enacted in Am.Sub.H.B. No. 350) effective June 30, 1997. See Sumskis, supra. Thus, according to the argument, the language of R.C. 2744.02(C), having been reenacted in a later act of the legislature is not affected by Am.Sub.H.B. No. 350 being declared unconstitutional by the court in Sheward. We disagree.
First, the Ohio Supreme Court has implicitly rejected the reenactment argument as to appeals brought pursuant to R.C.2744.02(C). On authority of Sheward, the Ohio Supreme Court has affirmed several decisions of the courts of appeals dismissing interlocutory appeals brought pursuant to R.C. 2744.02(C). See,e.g., Burger v. Cleveland Hts. (1999), 87 Ohio St.3d 188; Estateof Weitzel v. Cuyahoga Falls (1999), 87 Ohio St.3d 200; Braden v.Cleveland Bd. of Edn. (1999), 87 Ohio St.3d 206. More importantly, in Hubbard v. Canton City School Bd. of Edn. ([Feb. 9,] 2000), 88 Ohio St.3d 14, the court dismissed, sua sponte, a pending immunity case and vacated the opinion of the court of appeals for reason that the court of appeals lacked subject-matter jurisdiction over the interlocutory appeal for lack of a final appealable order pursuant to Sheward. In so doing, the Hubbard
court rejected the argument raised in the dissent of two of its members suggesting that R.C. 2744.02(C) (the jurisdictional authority under which the court of appeals heard the case and issued its opinion) may have been validly reenacted by the General Assembly by Am.Sub.H.B. No. 215. Id. at 15 (Cook and Lundberg Stratton, JJ., dissenting). In sum, the reenactment theory is inconsistent with the Supreme Court's decision in Hubbard. Significantly, there is no appellate court opinion applying the reenactment theory since Hubbard.
Second, we find the reenactment argument legally flawed. Section 15, Article II, Ohio Constitution provides that, where a law is amended, the new act shall contain the section or section amended and the section or sections so amended shall be repealed. However, an amendment to a statute does not repeal and reenact the preexisting language of the entire statute restated in the amending act but otherwise unaltered by the amending act. Rather, "[a] statute which is reenacted or amended is intended to be a continuation of the prior statute and not a new enactment, so far as it is the same as the prior statute." R.C. 1.54. As noted by the Ohio Supreme Court nearly a century ago, "[t]he provisions contained in the act as amended which were in the original act are not considered as repealed and again reenacted, but are regarded as having been continuous and undisturbed by the amendatory act."In re Hesse (1915), 93 Ohio St. 230, 234. See, also, Weil v.Taxicabs of Cincinnati, Inc. (1941), 68 Ohio App. 277, 283
("[c]ompliance with [Section 15, Article II, Ohio Constitution] does not destroy the fact that the language used in the original sections was not enacted when it was included in the amended section, but at a prior time and has had a continuous, uninterrupted existence from that time, whereas the new portion became a law at the time of the amendment"); see, also, State v.Wilson (1997), 77 Ohio St.3d 334 (matter to be deemed repealed by a later amendment must appear in the body of the enrolled act and must be stricken through; latter amendment failing to contain language of prior amendment did not repeal prior amendment).
Here, Am.Sub.H.B. No. 215, as passed by the 122nd General Assembly amended division (B) of R.C. 2744.02 but otherwise left the balance of the statute, including division (C), unaltered. Consistent with the Ohio Constitution and R.C. 101.53, Am.Sub.H.B. No. 215 restated the entire statute, with the added words capitalized and the unaltered, preexisting language of the statute in regular type, including the language of division (C) as previously enacted by Am.Sub.H.B. No. 350, which had not yet been declared unconstitutional by Sheward. Thus, passage of Am.Sub.H.B. No. 215 did not reenact the language of R.C.2744.02(C); rather, such language had a continuous, uninterrupted existence since passage of Am.Sub.H.B. No. 350. See Taylor v.Cty. of Cuyahoga (Jan. 20, 2000), Cuyahoga App. No. 75473, unreported (holding that R.C. 2744.02[C] was not reenacted by Am.Sub.H.B. No. 215 and thus remained invalid under Sheward); accord Watters, supra (Evans, J., concurring). As such, with the invalidation of R.C. 2744.02(C) by Sheward, R.C. 2744.02(C) provides no jurisdictional basis to hear appellant's interlocutory appeal.
We must then turn to the general final appealable order statute, R.C. 2505.02, to determine whether we have jurisdiction to hear appellant's appeal. R.C. 2505.02, as amended in 1998, provides as follows:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action.
Here, appellant's appeal does not satisfy any of the five categories of final appealable orders delineated in R.C.2505.02(B)(1) through (5).
This case does not involve an order setting aside a judgment, granting a new trial, or determining whether the case may or may not be maintained as a class action. As such, neither R.C. 2505.02(B)(3) or (B)(5) apply. Likewise, assuming the decision of the trial court to deny appellant's motion for summary judgment brought on immunity grounds affects a substantial right, R.C. 2505.02(B)(1) is not implicated because "[t]he denial of a motion for summary judgment does not determine the action and prevent a judgment[.]" Celebrezze, supra, at 90; see, also,Haynes, supra (order denying city's motion for summary judgment on immunity grounds does not qualify as an order determining the action and preventing a judgment as to be a final appealable order under R.C. 2505.02[B][1]).
Similarly, R.C. 2505.02(B)(2) does not apply because the trial court's decision was not made in a special proceeding. A "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C.2505.02(A)(2). Tignor's claims for malicious prosecution, false arrest, and/or false imprisonment are not causes of action specially created by statute. Rather, they exist at common law. See Trussell v. General Motors Corp. (1990), 53 Ohio St.3d 142, syllabus (stating the elements for the tort of malicious criminal prosecution); Evans v. Smith (1994), 97 Ohio App.3d 59, 70
(stating that in its essential elements, a claim for false arrest is indistinguishable from a claim for false imprisonment in that each claim requires proof that one was intentionally confined within a limited area, for any appreciable time, against his will and without lawful justification). As such, the trial court's summary judgment decision was not made in a special proceeding. See Haynes, supra (trial court's denial of defendant's motion for summary judgment premised on immunity under R.C. 2744.02 was not a final appealable order under R.C. 2505.02[B][2] because underlying action for negligence and loss of consortium was not a special proceedings); Cf. Stevens v. Ackman (Dec. 20, 1999), Butler App. No. CA99-03-053, unreported (trial court's denial of defendant's motion for summary judgment premised on immunity under R.C.2744.02 was a final appealable order under R.C. 2505.02(B)(2) because underlying action was for wrongful death and survivorship, both of which had been created by statute and did not exist in law or equity prior to 1853).
Finally, R.C. 2505.02(B)(4) is not triggered because the order appealed from did not grant or deny a provisional remedy. A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). The consideration of a summary judgment motion is not a provisional remedy. Bishop v. Dresser Industries, Inc. (Oct. 21, 1999), Marion App. No. 9-99-31, unreported; Tribett v. Mestek, Inc. (Mar. 18, 1999), Jefferson App. No. 99 JE 1, unreported. As such, the trial court's denial of summary judgment here did not grant or deny a provisional remedy. See Taylor, supra (defendant's motion for summary judgment on basis of immunity did not involve a provisional remedy and, as such, the trial court's denial of that motion was not a final appealable order under R.C. 2505.02[B][4]).
Having found that we do not have jurisdiction to hear appellant's appeal under R.C. 2744.02(C) or 2505.02, we must dismiss the appeal for lack of a final appealable order.
Appeal dismissed.
BRYANT, J., and BOWMAN, P.J., concur.
[1] In Klamm, Sumskis, and Sanders, however, the courts ultimately dismissed the appeals for lack of a final appealable order because the cases had been filed before the effective date of H.B. 215's reenactment of R.C. 2744.02(C) and the legislature did not include language suggesting that the act should apply to already pending cases. In Thomas Vending and Burley, the courts also ultimately dismissed the appeals for lack of a final appealable order, holding that R.C. 2744.02(C) only applies if the trial court denies immunity as a matter of law and not because of disputed questions of fact. Because the trial court in bothThomas Vending and Burley denied immunity for disputed questions of fact, no interlocutory appeal could be taken. Finally, inStewart, the court also ultimately dismissed the appeal for lack of a final appealable order, holding that R.C. 2744.02(C) did not apply when a trial court denies an improper Civ.R. 12(B)(6) motion raising the affirmative defense of immunity.