JOURNAL ENTRY AND OPINION
Defendants-appellants Roger W. Tracy, Tax Commissioner of Ohio, et al appeal from the trial court's denial of their motion to dismiss in which they alleged immunity from plaintiff-appellee Lawrence Shane's claims that defendants violated his rights under both the United States and Ohio Constitutions as well as his rights under 42 U.S.C. § 1983. We find that the defendants' appeal does not present a final appealable order. Consequently, we have no jurisdiction to consider the appeal and dismiss.
On January 26, 1997, the plaintiff filed suit in the Court of Common Pleas against defendants Roger W. Tracy, Tax Commissioner of the State of Ohio, the Ohio Department of Taxation, Robert Sicuro and Timothy R. Beach, both of whom were employees of the Department of Taxation, for malicious prosecution and false arrest and for violating his federal and state constitutional rights and 42 U.S.C. § 983.
The facts as alleged in plaintiff's complaint are as follows. Plaintiff was President of Ecker Shane Furniture, Inc. at the time it went out of business in the spring of 1993. At that time, the company was delinquent in the payment of its Ohio sales taxes. As required by the Ohio Department of Taxation, plaintiff allegedly posted a cash bond of $103,000 as surety for the delinquency. Soon thereafter, the Department of Taxation filed a $43,000 claim against Ecker Shane, plaintiff and the Century Surety Company for past due sales taxes. Plaintiff requested that Century Surety pay the amount. Apparently, the defendants were aware of this surety bond. Plaintiff alleged that even though the defendants were aware that payment was imminent from Century Surety, the defendants arranged a sting operation where an undercover purchase was made from plaintiff. The defendants thereafter secured a search warrant and arrested the plaintiff at his place of business in front of family members, associates and friends for selling an item without a valid vendor's license. Six days later, the surety bond company paid the money owed. Plaintiff alleges that although the prosecutor dropped the charges unbeknownst to him, the defendants represented to the plaintiff for the next several years that the charges were still pending and that the charges would not be dropped unless he executed a release of all civil claims against the defendants. Upon checking with the Clerk of Courts to determine the status of his claim, on February 9, 1996, plaintiff learned that all charges had been dropped by the county prosecutor.
Instead of answering the complaint, on March 7, 1998, the defendants filed a motion to dismiss pursuant to Civ.R. 12(b)(1), on the grounds that the trial court lacked subject matter jurisdiction as the Ohio Court of Claims has exclusive jurisdiction over civil actions against the State for money damages. Plaintiff opposed the motion arguing that the Common Pleas Court was the proper court to entertain his claims for false arrest and malicious prosecution involving violations of plaintiff's federal constitutional rights under 42 U.S.C. § 1983. The trial court denied the motion to dismiss but then sua sponte attempted to transfer the matter to the Court of Claims. The Court of Claims found the removal to be improper and transferred it back to the Court of Common Pleas.
Thereafter, on November 5, 1997, plaintiff sought leave to file an amended complaint in order to clarify his constitutional and 1983 claims. The trial court granted leave on November 12, 1997. Defendants chose not to answer the plaintiff's amended complaint, but instead on December 16, 1997 attempted to remove the case to the federal district court. The federal court denied the defendants' request on April 30, 1998 as untimely.
On May 14, 1998, defendants filed another motion to dismiss pursuant to Civ.R. 12(B)(1) and (6) in which it asserted the defense of sovereign immunity, bar of the statute of limitations and failure to demonstrate facts in support of a constitutional violation. The plaintiff filed a brief in opposition on August 31, 1998. On that same date, the plaintiff requested leave to file his second amended complaint due to discovery that had occurred. On February 9, 1999, the trial court granted leave to file the amended complaint and the prior motion to dismiss was held to be moot.
On March 2, 1999, the defendants again filed a motion to dismiss incorporating the prior motion to dismiss. The plaintiff opposed the motion on March 16, 1999. The trial court denied the motion to dismiss on August 26, 1999 without opinion or explanation.
Defendants now timely appeal asserting three assignments of error.
 I. THE TRIAL COURT ERRED BY FAILING TO DISMISS THE COMPLAINT AS TO DEFENDANT OHIO DEPARTMENT OF TAXATION (AND ITS OFFICERS AND EMPLOYEES SUED IN THEIR OFFICIAL CAPACITIES) ON THE GROUNDS THAT THE DEPARTMENT HAS ABSOLUTE SOVEREIGN IMMUNITY AGAINST MONEY DAMAGE ACTIONS IN THE COMMON PLEAS COURTS AND THAT THE OHIO COURT OF CLAIMS HAS EXCLUSIVE JURISDICTION OVER SUCH CLAIMS PURSUANT TO R.C. CHAPTER 2743.
 II. THE TRIAL COURT ERRED BY FAILING TO DISMISS THE COMPLAINT AS TO DEFENDANT TRACY, SICURO AND BEACH ON THE GROUNDS THAT THE COMPLAINT FAILS TO MAKE ALLEGATIONS WHICH IF PROVED, WOULD SHRED TRACY'S, SICURO'S, OR BEACH'S QUALIFIED OFFICIAL IMMUNITY BY SHOWING VIOLATIONS BY TRACY, SICURO OR BEACH OF CLEARLY ESTABLISHED LEGAL RIGHTS OF THE PLAINTIFF.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT TRACY'S SICURO'S AND BEACH'S IMMUNITY RIGHTS AS STATE OFFICIALS UNDER SECTIONS 9.86 AND 2743.02(F), OHIO REVISED CODE, BY FAILING TO ORDER DISMISSAL OF ANY AND ALL STATE-LAW CLAIMS, INCLUDING ANY CLAIM OF MALICIOUS PROSECUTION OR ABUSE OF PROCESS.
Before we address these assignments of error, we must first determine whether the order appealed from, i.e. the trial court's denial of defendants' motion to dismiss, is a final appealable order. Although the defendants argue to the contrary, we find we have no jurisdiction to consider these assignments of error as the trial court's denial of defendants' motion to dismiss is not a final appealable order under R.C. 2505.02.
An appellate court has jurisdiction to review, affirm, modify, set aside, or reverse judgments or final orders. R.C.2501.01. In general, a decision denying a motion to dismiss is not a final appealable order. Lakewood v. Pfeifer (1992), 83 Ohio App.3d 47,50; Bressan v. Secura Ins. Co. (Apr. 28, 1994), Cuyahoga App. No. 64997, unreported. However, defendants argue that a denial of a motion to dismiss based on sovereign immunity is a final order. We disagree.
R.C. 2501.02 states in pertinent part:
 In addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, * * * and including an order denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or another provision of the Revised Code, for prejudicial error committed by a lower court of that nature. (Emphasis added.)
R.C. 2744.02(C) in turn states:
 An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of law is a final order.
Both of the above statutes were amended as part of the Ohio Tort Reform Law (Am.Sub. H.B. 350), specifically adding the language permitting a political subdivision or its employees to appeal the denial of immunity provided in R.C. 2744. However, on August 16, 1999, the Ohio Supreme Court in State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, paragraph three of the syllabus, found H.B. 350 to be unconstitutional in toto. Therefore, these statutes no longer permit the immediate appeal of an order denying sovereign immunity.Hubbard v. Canton City School Bd. of Educ. (2000), 88 Ohio St.3d 14; Chambers v. Chambers (Mar. 23, 2000), Cuyahoga App. Nos. 75220, 74239, 75240, 75242, unreported; Taylor v. County of Cuyahoga (Jan. 20, 2000), Cuyahoga App. No. 75473, unreported; Darst v. BayVillage Bd. of Educ. (Nov. 10, 1999), Cuyahoga App. No. 76091, unreported; William Christian v. The Village of Cardington (June 12, 2000), Morrow App. No. CA0896, unreported; Tignor v. FranklinCounty Bd. of Commrs. (Apr. 27, 2000), Franklin App. No. 99-AP-571, unreported. By finding H.B. 350 unconstitutional in toto, the Supreme Court has effectively returned the law relative to final, appealable orders to its status prior to the adoption of R.C.2744.02(C). Christian v. Village of Cardington, supra, at 3.
Defendants argue, however, that R.C. 2505.02, as amended in 1998, permits a denial of a political subdivision's defense of sovereign immunity to be a final appealable order. We find no merit to this contention.
R.C. 2505.02, as amended, states in pertinent part:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in action.
 (5) An order that determines that an action may or may not be maintained as a class action.
Defendants' appeal does not satisfy any of the five categories of final appealable orders listed above. The trial court's denial of the defendants' motion to dismiss which was brought on sovereign immunity grounds does not affect a substantial right pursuant to R.C. 2505.02(B)(1), as the denial of a motion to dismiss does not determine the action and prevent a judgment. Lakewood v. Pfeifer
(1992), 83 Ohio App.3d 47, 50; Bressan, supra, at 9; State v.Roberts (1957), 106 Ohio App. 30, 31. Ordinarily, after a motion to dismiss is overruled, the case will proceed to trial and in the event of a judgment adverse to the moving party, the trial court's action overruling the motion may become one of the assignments of error on appeal. Lakewood v. Pfeifer, supra, at 50, citing toState v. Eberhardt (1978) 56 Ohio App.2d 193, 197-98.
This case does not involve an order which was made pursuant to a special proceeding, nor does it set aside a judgment, grant a new trial or determine whether the case may or may not be maintained as a class action pursuant to R.C. 2505.02(B)(2), (3) and (5).
Finally, R.C. 2505.02(B)(4) is not triggered because the order appealed from did not grant or deny a provisional remedy. R.C.2505.02(A)(3) defines provisional remedy as a proceeding ancillary to the action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence. In Taylor v.County of Cuyahoga (Jan. 20, 2000), Cuyahoga App. No. 75473, unreported, this Court found that a denial of a motion for summary judgment which was based on the defense of sovereign immunity did not constitute a provisional remedy, as a grant of summary judgment fully determines the underlying litigation and therefore is not ancillary to the action. Id. at 4. Furthermore, we held that even if it was a provisional remedy it did not meet the requirements under R.C. 2505.02(B)(4)(b) as a party is afforded meaningful review of the denial at the conclusion of the underlying action.
Likewise, in the case herein, we find that a denial of a motion to dismiss does not constitute a provisional remedy as it is not ancillary to the action but goes to the essence of the action itself. Nor is a party precluded from meaningful review of the trial court's denial as it can be brought up on appeal following the conclusion of the action. See Lakewood v. Pfeifer, supra.
Defendants rely on federal law in support of their argument that this is a provisional remedy. However, such arguments are rooted in the collateral order doctrine embodied in Title28 U.S.C. § 1291 which allows immediate appeal in the federal courts of certain final decisions that are completely separate from the merits of the action and effectively unreviewable on appeal after final judgment. Johnson v. Jones (1995), 515 U.S. 304, 310. Immediate appellate review of a qualified immunity denial is a federal procedural right that simply does not apply in a nonfederal forum. Johnson v. Frankell (1997), 520 U.S. 911, 912. (Frankell upheld the Idaho Supreme Court's decision that it lacked appellate jurisdiction, pursuant to Idaho's appellate rules, of a lower court's denial of a motion to dismiss based on qualified immunity). Therefore, as defendants concede, the procedural question whether immediate appeal is permitted is a question of state law. (Aplt's Brf. at 13). We find that Ohio law does not permit an appeal of the trial court's denial of defendants' motion to dismiss based on the qualified immunity doctrine.
Having found that the trial court's order does not constitute a final appealable order, we do not have jurisdiction to hear defendants' appeal. Accordingly, defendants' appeal is dismissed.
It is ordered that appellee recover of appellant his costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and LEO M. SPELLACY, J., CONCUR.
 ______________________ JAMES M. PORTER, JUDGE