KLEIN et al., Appellees,

v.

PORTAGE COUNTY et al., Appellants.

[Cite as *Klein v. Portage Cty.* (2000), 139 Ohio App.3d 749.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 99–P–0068.

Decided Sept. 18, 2000.

*Donald P. Mitchell,* for appellees.

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, and *Linda M. Hastings,* Assistant Prosecuting Attorney, for appellants.

---

FORD, Presiding Judge.

This is an appeal from the Portage County Court of Common Pleas. Appellants, Portage County, the Portage County Board or Office of Commissioners, Commissioner Christopher Smeiles, Commissioner Chuck Keiper, Commissioner Kathleen Chandler, former Commissioner Jack Groselle, the Portage County Department of Human Services, ("Portage County DHS"), Director John Witkosky, and Jane and John Doe, appeal the trial court judgment entry overruling their motion for summary judgment alleging that the denial of the motion was not proper where judicial immunity and sovereign immunity shield government officials from liability.

The record reveals that appellees, Annette Klein, f.k.a. Annette Ivinskas, and Annette Klein as the next friend of her children Christopher Buschow, Jessica Coe, and Jeremy Ivinskis, all of whom are minors, filed a Section 1983, Title 42 U.S. Code action and a common law tort action against appellants on August 5, 1998. The complaint alleged that appellee Annette Klein was the natural mother of three minor children. At a hearing on August 21, 1997, appellee Annette Klein further claimed that the trial court violated her due process rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by removing her three minor children from her custody in violation of her constitutional and civil rights.

On May 14, 1999, appellants moved for summary judgment on the ground that they were protected by judicial or governmental immunity. Attached to their motion for summary judgment was the magistrate's decision from August 25, 1997, which was adopted by the trial court, and that placed the three minor children in the temporary custody of the Portage County DHS for foster placement.

On June 7, 1999, appellees moved for a partial summary judgment on the issue of liability and also filed a response to appellants' motion for summary judgment. On June 16, 1999, the trial court issued a judgment entry finding that "neither party [had] offered any of the evidentiary materials which this Court may consider for purposes of summary judgment under Civ.R. 56(C)." Further, the court stated that "neither party [had] established the lack of a genuine issue of a material fact, and consequently neither party [was] entitled to judgment as a matter of law." Therefore, the trial court overruled both appellees' and appellants' motions for summary judgment. Appellants timely filed the instant appeal and now assert the following as error:

"[1.] The trial court erred by denying the [c]ounty's motion for summary judgment.

"[2.] The trial court erred by failing to consider the immunity defense asserted by the [c]ounty defendants."

In its first assignment of error, appellants contend that the trial court erred by overruling their motion for summary judgment.

Before we address the merits of appellants' assignments of error, we must first determine whether the order appealed from, *i.e.*, the trial court's denial of appellants' motion for summary judgment, is a final appealable order. Generally, the denial of a summary judgment motion does not decide the action and prevent a judgment and thus does not constitute a final order under R.C. 2505.02. *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292, 1293–1294. Nevertheless, the General Assembly amended R.C. 2744.02 to add paragraph (C), which states: "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of the law is a final order."

The addition of R.C. 2744.02(C) to R.C. Chapter 2744 was part of Am.Sub.H.B. No. 350, which became effective on January 27, 1997. However, on August 16, 1999, the Supreme Court of Ohio declared that Am.Sub.H.B. No. 350 violated the one-subject provision of Section 15(D), Article II of the Ohio Constitution and as such, was "unconstitutional *in toto.*" *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, paragraph three of the syllabus. Hence, the language of R.C. 2744.02(C) was also declared unconstitutional, and no longer provides a jurisdictional basis for an appellate court to review interlocutory decisions of a trial court that denies immunity. *Tignor v. Franklin Cty. Bd. of Commrs.* (Apr. 27, 2000), Franklin App. No. 99AP–571, unreported, at 1, 2000 WL 490693; see, also, *Chambers v. Chambers* (2000), 137 Ohio App.3d 355, 738 N.E.2d 834; *Watters v. Ross Cty. Children's Services* (Feb. 18, 2000), Pickaway App. Nos. 99CA9, 99CA12, unreported, 2000 WL 228254; *Fannin v. Portsmouth* (Feb. 15, 2000), Scioto App. No. 99CA2661, unreported, 2000 WL 203932; *Huck v. Muskingum Twp.* (Dec. 22, 1999), Washington App. No. 99CA13, unreported, 1999 WL 1281504; *Darst v. Bay Village Bd. of Edn.* (Nov. 10, 1999), Cuyahoga App. No. 76091, unreported, 1999 WL 1024120; *Haynes v. Franklin* (1999), 135 Ohio App.3d 82, 732 N.E.2d 1060.[1]

---

1. Although several districts in the state followed *Sheward,* the Third, Seventh, and Ninth Appellate Districts have held that R.C. 2744.02(C) still remains valid. Yet, there are many Supreme Court cases affirming decisions from courts of appeals dismissing interlocutory appeals brought pursuant to R.C. 2744.02(C). See *Burger v. Cleveland Hts.* (1999), 87 Ohio St.3d 188, 189, 718 N.E.2d 912, 912–913; *Estate of Weitzel v. Cuyahoga Falls* (1999), 87 Ohio

■ Moreover, it is well-established that a decision of the Supreme Court striking down a statute as unconstitutional is generally given retrospective application. *Wendell v. AmeriTrust Co., N.A.* (1994), 69 Ohio St.3d 74, 77, 630 N.E.2d 368, 371. The *Sheward* decision, thus, has the retroactive effect of barring application of R.C. 2744.02(C) in the instant matter. The Supreme Court of Ohio has effectively returned the law relative to final appealable orders to its status prior to the adoption of R.C. 2744.02(C). Since this court has no prior case law on this issue, we are persuaded by the reasoning of the Supreme Court. In addition, upon review of R.C. 2505.02, it is our view that the June 15, 1999 judgment entry does not constitute a final appealable order. Accordingly, we have no jurisdiction to review the instant action. Therefore, the instant appeal is dismissed.

Furthermore, even if this court took the opposite position of the Supreme Court and we addressed the merits of appellants' arguments, appellants have not offered any evidentiary materials that this court may consider for summary judgment purposes. Hence, we would nonetheless affirm the judgment of the trial court.

For the foregoing reasons, we conclude that this court is without jurisdiction to consider this appeal and the appeal is hereby dismissed.

*Appeal dismissed.*

NADER and WILLIAM M. O'NEILL, JJ., concur.

---

St.3d 200, 201, 718 N.E.2d 921, 921; *Braden v. Cleveland Bd. of Edn.* (1999), 87 Ohio St.3d 206, 206, 718 N.E.2d 924; *Hubbard v. Canton City School Bd. of Edn.* (2000), 88 Ohio St.3d 14, 14, 722 N.E.2d 1025.

In *Hubbard,* 88 Ohio St.3d at 15, 722 N.E.2d at 1025–1026, the Supreme Court of Ohio dismissed a pending immunity case and vacated the opinion of the appellate court stating that the court of appeals lacked subject matter jurisdiction over the interlocutory appeal for lack of a final appealable order pursuant to *Sheward.* Hence, the reenactment theory is inconsistent with the Supreme Court's *Hubbard* decision.