OPINION
{¶ 1} Plaintiffs-appellants Welden and Loretta Bauer [hereinafter appellants] appeal from the April 14, 2004, Judgment Entry of the Licking County Court of Common Pleas which granted summary judgment in favor of defendant-appellee State Farm Mutual Automobile Insurance Company [hereinafter State Farm].
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 19, 2001, Jenise Connerton was a passenger in a vehicle driven by Rosemarie Sweazy. Rosemarie Sweazy failed to stop at a stop sign and collided with another vehicle. As a result, Jenise Connerton died.
 {¶ 3} Rosemarie Sweazy had an automobile liability insurance policy with Met Life for $100,000.00 per person. Met Life and the Estate of Jenise Connerton settled for $100,000.00 and the settlement was approved by the Summit County Probate Court. The funds were allocated entirely to Jenise's minor son, Neil Connerton.
 {¶ 4} Jenise Connerton had a personal automobile insurance policy with Farmer's Insurance. The policy included uninsured/underinsured motorist coverage benefits. The Estate of Jenise Connerton settled with Farmer's Insurance for $150,000.00. These funds were also allocated to Neil Connerton.
 {¶ 5} Jenise Connerton was survived by her sister Jerelyn Yates and parents Welden and Loretta Bauer. Jerelyn Yates had insurance with Allstate Insurance Company and that policy included uninsured/underinsured motorist coverage. On March 14, 2002, Jerelyn Yates informed Allstate of a potential uninsured/underinsured claim. On April 22, 2003, Allstate denied Yates' claim.
 {¶ 6} Welden and Loretta Bauer, the appellants herein, had an automobile liability policy with State Farm which included uninsured/underinsured motorist coverage. On May 6, 2002, nearly seven months after the accident, appellants informed State Farm of a potential claim. On March 4, 2003, nearly ten months after receiving notice of the claim, State Farm denied appellants' claim.
 {¶ 7} On August 23, 2003, appellants and Jerelyn Yates filed a complaint in the Licking County Court of Common Pleas. In the complaint, appellants and Yates alleged that State Farm and Allstate had breached their contract and acted in bad faith. Essentially, appellants and Yates each sought uninsured/underinsured motorists coverage from their own automobile liability policies.
 {¶ 8} On February 9, 2004, State Farm filed a motion for summary judgment. That same day, February 9, 2004, appellants filed a motion for summary judgment. Ultimately, on April 14, 2004, the trial court issued a judgment entry in which it granted summary judgment in favor of State Farm and thereby found appellants' motion for summary judgment moot. In granting summary judgment to State Farm, the trial court found that appellants failed to provide any reason for the delay in providing notice of the potential claim to State Farm. For that reason, the trial court concluded that the seven month delay was unreasonable. The trial court further found that appellants had failed to rebut the presumption that the delay caused prejudice to State Farm.
 {¶ 9} It is from the April 14, 2004, Judgment Entry that appellants appeal, raising the following assignments of error:
 {¶ 10} "I. The trial court erred in granting summary judgment to State Farm Ins. Co. on the basis that seven months was an unreasonable delay in giving notice of the Bauers' uninsured motorist claim, and on the basis that State Farm was prejudiced as a result.
 {¶ 11} "II. The trial court erred in denying summary judgment to Welden and Loretta Bauer on their breach of contract and bad faith claims."
 I {¶ 12} In the first assignment of error, appellants contend that the trial court erred in granting summary judgment to State Farm Insurance Co. on the basis that seven months was an unreasonable delay in giving notice of appellants' uninsured motorist claim. Appellants further contend that the trial court erred in granting summary judgment on the basis that State Farm was prejudiced as a result of the alleged unreasonable notice.
 {¶ 13} This matter reaches us upon a grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides the following, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 14} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. "[B]are allegations by the moving party are simply not enough." Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Id. (citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264).
 {¶ 15} Further, trial courts should award summary judgment with caution. "Doubts must be resolved in favor of the non-moving party."Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 16} It is pursuant to this standard that we review appellants' assignment of error.
 {¶ 17} The issue of delays in notice to insurance carriers in uninsured/underinsured motorist coverage cases was addressed by the Ohio Supreme Court in Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217, 781 N.E.2d 927. The Ferrando Court articulated a two-step approach for determining whether a prompt notice provision was breached, and, if so, whether the breach resulted in prejudice to the extent that uninsured/underinsured motorist coverage is then forfeited. "The two-step approach in late-notice cases requires that the court first determine whether the insured's notice was timely. This determination is based on asking whether the UIM insurer received notice `within a reasonable time in light of all the surrounding facts and circumstances.' Ruby [v.Midwestern Indem. Co. (1988), 40 Ohio St.3d 159, 532 N.E.2d 730], syllabus. If the insurer did receive notice within a reasonable time, the notice inquiry is at an end, the notice provision was not breached, and UIM coverage is not precluded. If the insurer did not receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut." Ferrando, 98 Ohio St.3d at para. 90. (Emphasis original.)
 {¶ 18} The question of whether notice is provided within a reasonable time "is usually a question of fact for the jury." Ormet Primary AluminumCorp. v. Employers Ins. of Wausau (1999), 88 Ohio St.3d 292, 300,725 N.E.2d 646. However, "an unexcused significant delay may be unreasonable as a matter of law." Id.
 {¶ 19} In the case sub judice, appellants' policy required an insured to give written notice of an accident or loss "as soon as reasonably possible." Policy, pg. 5. The trial court found that appellants had breached the terms of the policy by failing to provide prompt notice of their UIM claims. Specifically, the trial court based its conclusion on appellants' failure to cite, in their Response in Opposition to State Farm's Motion for Summary Judgment, to any surrounding facts and circumstances that make appellants' delay reasonable.[1] April 14, 2004, Judgment Entry, pgs. 3-7. The trial court found that appellants' argument that no court has ever found a seven month delay to be unreasonable as a matter of law to be insufficient to demonstrate a genuine issue of material fact. Id.
 {¶ 20} Applying the applicable standard of review, this court must first consider whether State Farm met its burden under Vahila, supra. State Farm bore the initial burden of showing in its motion for summary judgment that there was no genuine issue as to any material fact and that State Farm was entitled to a judgment as a matter of law. Neither a mere conclusory statement nor a bare assertion was sufficient. Thus, in order to shift the burden to appellants to show a genuine issue of material fact, State Farm first had to demonstrate that the notice was not reasonable in light of the surrounding facts or circumstances.
 {¶ 21} In its motion for summary judgment, State Farm argued that appellants breached the notice provision of the policy due to a delay in providing notice of nearly seven months (from October 19, 2001, to May 6, 2002). Specifically, State Farm asserted that the almost seven month delay could not constitute prompt notice in "any sense of the word." State Farm's Motion for Summary Judgment, pg. 8. State Farm provided no legal or factual basis as to why this nearly seven month delay entitled them to judgment as a matter of law. State Farm merely made a bare, conclusory statement that the appellants breached the terms of the policy by providing unreasonable notice. State Farm made no showing that the notice was unreasonable in light of the facts and circumstances and, essentially, only asserted that appellants could not prove that notice was reasonable.[2]
 {¶ 22} Accordingly, since State Farm failed to show that the notice provided was unreasonable in light of the facts and circumstances, the burden to demonstrate a genuine issue of material fact as to whether appellants breached the notice provision of the policy never shifted to appellants. Therefore, appellants were not required to demonstrate that notice was reasonable in light of the facts and circumstances. Further, because State Farm failed to demonstrate a breach of the notice provision, there is no need to proceed to the issue of whether State Farm was prejudiced as a result of the breach (the second prong of Ferrando). Simply stated, summary judgment should not have been granted in favor of State Farm.
 {¶ 23} In addition, it is interesting to note that while State Farm alleged that the seven month delay in giving notice to them of the claim was unreasonable, State Farm took ten months to deny the claim.
 {¶ 24} In its motion for summary judgment, State Farm argued additional grounds for a grant of summary judgment. Namely, State Farm argued that appellants breached both the subrogation provision of the policy[3] and the clause which required notice of any tentative settlement with the tortfeasor.[4] These issues were not reached by the trial court because the trial court concluded its analysis once it found that appellant had breached the notice provision and that the breach of that provision prejudiced State Farm. We will consider these alternative grounds.
 {¶ 25} "In cases involving the alleged breach of a consent-to-settle or other subrogation-related clause, the first step is to determine whether the provision actually was breached. If it was not, the inquiry is at an end, and UIM coverage must be provided . . . If the consent-to-settle or other subrogation-related clause was breached, the second step is to determine whether UIM insurer was prejudiced. If a breach occurred, a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut."Ferrando, supra. at para. 91.
 {¶ 26} A review of State Farm's motion for summary judgment reveals that State Farm made only bare conclusory assertions concerning the subrogation provision and a clause requiring notice of any tentative settlement with the tortfeasor. In its motion for summary judgment, State Farm claimed that it was obvious that a settlement made with the tortfeasor without State Farm's knowledge or consent breached the terms of the policy. State Farm proceeded to argue that this asserted breach caused prejudice to State Farm. However, State Farm made only a conclusory statement that the terms of the policy were breached and provided no basis in law or fact to support its assertion of a breach. In order to obtain summary judgment, State Farm had the initial burden to show that it was entitled to a judgment as a matter of law. In this case, that required an initial showing that appellants breached the terms of the policy. State Farm made no such showing.[5] Since State Farm failed to make a showing that the policy terms were breached, the burden never shifted to appellants to demonstrate that a genuine issue of material fact existed. As such, summary judgment in favor of State Farm is not appropriate.
 {¶ 27} Upon appeal, as it did in its motion for summary judgment, appellee State Farm provides other arguments that present alternative reasons to affirm the trial court's grant of summary judgment. This court will consider these issues.
 {¶ 28} First, State Farm contends that this case is subject to the S.B. 267 version of R.C. 3937.18 and therefore, Moore/Sexton claims, such as appellants' claim, are not cognizable.[6] We disagree.
 {¶ 29} The policy at issue in this case first became effective on February 26, 1998. The policy renewed yearly. However, counting in two year periods, pursuant to Wolfe v. Wolfe, a new two year guaranteed period for the policy began on February 26, 2000.[7] Senate Bill 267 took effect on September 21, 2000. That bill amended R.C. 3937.18, permitting insurers to exclude Sexton type claims. The bill also amended R.C. 3937.31, adding subsection (E). That subsection permits an insurer to incorporate into a policy "any changes that are permitted or required by this section or other sections of the Revised Code at the beginning of any policy period within the two-year period set forth in division (A) of this section." The appellants' policy renewed (as it did each year) on February 26, 2001. The accident occurred on October, 19, 2001. Thus, the accident occurred after S.B. No. 267 took effect on September 21, 2000, but prior to the end of the two year renewal period which ran from February 26, 2000, to February 26, 2002.[8]
 {¶ 30} State Farm argues that, pursuant to R.C. 3937.31(E), it can incorporate changes that are permitted by R.C. 3937.18 at the beginning of any policy period within the two year period set forth in R.C.3937.31(A) into its policy.[9] Appellants argue that the law as it existed on February 26, 2000, i.e. the H.B. 261 version of R.C. 3937.18, is applicable. Appellants argue that the earliest S.B. 267 could have applied was February 26, 2002, the start of the next two year renewal period.
 {¶ 31} This issue was considered by this court in Slone v. AllstateInsurance Company, Richland App. No. 2004CA0021, 2004-Ohio-3990. Under a similar set of circumstances, this court concurred with the analysis of the Third and Eighth Appellate Districts which came to the conclusion that the Ohio Legislature stated no retroactive intent when it drafted the S.B. 267 version of R.C. 3937.18. Thus, this Court held that R.C.3937.31(A), before it was amended by S.B. 267, guaranteed a two-year period of coverage and that retroactive application of the amended statute would be a violation of R.C. 1.58(A)(1) and (2)[10] and would divest an insured of accrued rights by omitting the two-year guaranteed policy period.
 {¶ 32} Accordingly, pursuant to Slone, we find that it is the pre-S.B. 267 version of R.C. 3937.18 that is applicable. Just as inSlone, appellants were in the midst of a two year period at the time of the accident. The S.B. 267 version of R.C. 3937.18 could not be applied to appellants' policy until the end of that two year period. In this case, that two year period did not end until after the accident.
 {¶ 33} Appellee State Farm offers an alternative argument in the event that this court would reach the conclusion that S.B. 267 did not apply. State Farm argues that even if the pre-S.B. 267 version of R.C. 3937.18
applies, appellants' Sexton/Moore claim is not cognizable, citing GiantEagle, Inc. v. Genesis Insurance Co., (S.D. Ohio 2003),252 F. Supp.2d 559. However, this court has considered this issue previously, too. In Bell v. Currier, Guernsey App. No. 02-CA-10, 2003-Ohio-3294, this court held that a Sexton/Moore claim was cognizable under the pre-S.B. 267 version of R.C. 3937.18, otherwise known as the H.B. 261 version of the statute. In accord, Slone v. Allstate InsuranceCo., supra; Bernabei v. The Cincinnati Insurance Cos., Stark App. Nos. 2002CA00078 and 2002CA00073, 2004-Ohio-4939. Pursuant to the aforementioned precedents, we find that the appellants' Sexton/Moore
claim is cognizable under the H.B. 261 version of R.C. 3937.18.
 {¶ 34} Thus, upon review, we agree with appellants that the trial court erred in granting summary judgment in favor of State Farm on the basis that seven months was an unreasonable delay in giving notice of appellants' uninsured motorist claim. As such, we do not reach the issue as to whether State Farm was prejudiced.
 {¶ 35} Appellants' first assignment of error is sustained.
 II {¶ 36} In the second assignment of error, appellants contend that the trial court erred when it denied appellants' motion for summary judgment on their breach of contract and bad faith claims.[11] However, the denial of a motion for summary judgment is not a final, appealable order. State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23,222 N.E.2d 312. This is due to the fact that the denial does not determine the action and prevent a judgment and is, therefore, not a final order under R.C. 2505.02. Celebrezze v. Netzley (1990),51 Ohio St.3d 89, 90, 554 N.E.2d 1292. See, also, Klein v. Portage Cty.
(2000), 139 Ohio App.3d 749, 751, 745 N.E.2d 532. The denial of a motion for summary judgment is always reviewable on appeal following a subsequent final judgment.
 {¶ 37} Accordingly, in light of this court's reversal of the trial court's decision to grant summary judgment in favor of State Farm, we find we must overrule this assignment of error for lack of a final, appealable order. The denial of the motion for summary judgment is not reviewable at this stage of the proceedings.
 {¶ 38} The judgment of the Licking County Court of Common Pleas is reversed and the April 14, 2004, Judgment Entry is vacated. This matter is remanded for further proceedings.
Edwards, J., Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and the April 14, 2004, Judgment Entry is vacated. This matter is remanded for further proceedings. Costs assessed to appellee State Farm.
[1] The trial court proceeded to the second prong of the Ferrando test and determined that State Farm was prejudiced by the breach of the notice provision.
[2] For example, State Farm failed to provide any facts concerning when appellants' claim of coverage arose pursuant to the terms of the policy or appellants' diligence or lack thereof in determining whether they had a potential underinsured claim. As such, we find that State Farm failed to meet their initial burden pursuant to Vahila.
[3] "Conditions
"Our Right to Recover Our Payments
"c. Under uninsured motor vehicle coverage
"(1) we are subrogated to the extent of our payments to the proceeds of any settlement the insured person recovers from any party liable for the bodily injury.
"(2) if the person to whom or for whom we have made payment has not recovered from the party at fault, he or she shall:
"(a) keep these rights in trust for us. . . ."
State Farm Policy, pg. 26 (Emphasis omitted).
[4] 4 "THERE IS NO COVERAGE:
"1. For any insured, if that insured or his or her personal representative settles with any person or organization who may be liable for the bodily injury without our written consent. See amendatory endorsement 6935.
[5] Most glaring is a failure to demonstrate that the insureds themselves or their personal representative entered into the purported settlement.
[6] Appellants' insurance claim is based on the case of Sexton v. StateFarm Mutual Auto. Co. (1982), 69 Ohio St.2d 431, 433 N.E.2d 555. InSexton, the Supreme Court of Ohio decided that a wrongful death beneficiary could recover uninsured/underinsured motorist benefits under his or her own automobile policy for the death of a non-resident relative under then R.C. 3937.18. See also Moore v. State Auto. Mut. Ins. Co.
(2000), 88 Ohio St.3d 27, 723 N.E.2d 97.
[7] {¶ 1} Revised Code 3937.31(A) states, in part, that "[e]very automobile insurance policy shall be issued for a policy period of not less than two years or guaranteed renewal for successive policy periods totaling not less than two years. . . ." In Wolfe v. Wolfe,88 Ohio St.3d 246, 2000-Ohio-322, 725 N.E.2d 261, the Ohio Supreme Court held, in relevant part, as follows: "[P]ursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state, must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39. We further hold that the commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy. Pursuant to our decision in Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, 695 N.E.2d 732, the statutory law in effect on the date of issue of each new policy is the law to be applied." Id. at 250,695 N.E.2d 732. (Emphasis added).
[8] The following dates are relevant to this question:

 9/3/07 H.B. 261 took effect
 2/26/98 Inception date/Beginning of first guarantee period for the
 policy.
 2/26/99 Yearly renewal of policy
 2/26/00 Yearly renewal of policy/Beginning of new guarantee period.
 9/21/00 S.B. 267 took effect
 2/26/01 Yearly renewal of policy
 10/19/01 Accident occurred.
[9] State Farm alleges that the uninsured motorist coverage contains the following language which would preclude coverage, if such language were to become enforceable pursuant to the changes made to R.C. 3937.18: "The bodily injury must be sustained by an insured and caused by accident arising out of the operation, maintenance or use of an uninsured motorist vehicle." (Emphasis omitted, citing page 13 of the policy.).
[10] "(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:
"(1) Affect the prior operation of the statute or any prior action taken thereunder;
"(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder. . . ." R.C. 1.58.
[11] Although this issue was raised in appellants' motion for summary judgment, the trial court considered the issue moot since it had found that State Farm was entitled to summary judgment.